## Charlotte Tompkins *v.* The State.

1. Disorderly House. — Information charged that the accused "did then and there commit the offense of willfully, knowingly, unlawfully, and fraudulently keeping a disorderly house for the purpose of public prostitution, *or* as a common resort for prostitutes and vagabonds," etc. *Held*, defective in two respects: first, because it fails to charge that the accused *did keep* such a house; and, second, because it uses the disjunctive conjunction "or" where the copulative conjunction "and" should have been used.

2. Pleading. — If a statute makes it a crime to do this *or* that, mentioning several things disjunctively, the indictment or information may, as a general rule, embrace the whole in a single count; but in doing so it must use the conjunction "and" where "or" is used in the statute, else it will be bad for uncertainty.

Appeal from the County Court of Shackelford. Tried below before the Hon. J. H. Ledbetter, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

White, J. The charge as set forth in the information is in these words, viz. : " Did then and there commit the offense of willfully, knowingly, unlawfully, and fraudulently keeping a disorderly house for the purpose of public prostitution, or as a common resort for prostitutes and vagabonds," etc.

The information is fatally defective in two respects : First, " it does not charge that the accused *did keep* a disorderly house, etc., but that she *was guilty of the offense of keeping*, etc. — a statement of a conclusion drawn from facts, rather than a statement of the facts from which the law draws the conclusion." *Lasindo* v. *The State*, 2 Texas Ct. App. 59. Second, the offense attempted to be stated is charged disjunctively. " If a statute makes it a crime to do this or

that, mentioning several things disjunctively, the indictment may, indeed, as a general rule, embrace the whole in a single count ; but in doing so it must use the conjunction ' and ' where ' or ' occurs in the statute, else it will be defective as being uncertain.'' See the whole subject discussed and authorities cited in *Hart* v. *The State*, 2 Texas Ct. App. 39.

For these reasons the judgment of the lower court is not only reversed, but the case is also dismissed.

*Reversed and dismissed.*